**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-21216-CIV-WILLIAMS**

MESA DIGITAL LLC,

     Plaintiff,

vs.

VERIFONE INC.

     Defendant.

_____/

## AMENDED SCHEDULING ORDER

**THIS MATTER** is before the Court *sua sponte*. On October 14, 2022, the Court granted the Parties' Joint Motion for Extension of Deadlines in the Scheduling Order. (DE 28.) Accordingly, it is **ORDERED AND ADJUDGED** that this matter remains set for trial during the Court's two-week trial calendar beginning on **November 6, 2023** before the Honorable Kathleen M. Williams in Room 11-3 of the Wilkie D. Ferguson, Jr. United States Courthouse, located at 400 North Miami Avenue in Miami, Florida. Calendar Call will still be held at **11:00 a.m.** on **October 31, 2023**. A request for a pre-trial conference must be filed at least 30 days prior to Calendar Call. Additionally, the Court advises the Parties that all filings must fully comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and this Court's Practices and Procedures, which can be found at: https://www.flsd.uscourts.gov/content/judge-kathleen-m-williams.

    I.    <u>Schedule.</u>   It is further ordered that the Parties shall adhere to the following amended schedule:

October 14, 2022[1]          The Parties shall file motions to amend pleadings or join Parties.

---

[1] As of the date of this Order, this deadline has already passed.

| November 14, 2022[2] | Defendant shall disclose preliminary non-infringement and invalidity contentions. |
|---|---|
| November 18, 2022 | The Parties shall exchange non-binding lists of proposed terms for claim construction. |
| November 23, 2022 | The Parties shall exchange non-binding constructions of proposed claim construction terms. |
| December 2, 2022 | The Parties shall file charts setting forth their claim constructions. |
| January 13, 2023 | The Parties shall file opening claim construction briefs. |
| January 13, 2023 | Plaintiff shall disclose final infringement contentions. Defendant shall disclose final invalidity contentions. |
| February 3, 2023 | Plaintiff shall disclose experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2). |

---

[2] In their Joint Motion to Extend Deadlines, the Parties proposed November 11, 2022 as their amended deadline for Defendant to disclose preliminary non-infringement and invalidity contentions. However, Veterans Day, a federal holiday, is on November 11, 2022. Accordingly, this deadline has been changed to the next business day: November 14, 2022.

| February 3, 2023 | The Parties shall file briefs in response to the opening claim construction briefs. |

| February 24, 2023 | Defendant shall disclose experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2). |

| March 10, 2023 | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2). |

| March 17, 2023 | The Parties shall exchange privilege logs compliant with Local Rule 26.1(e)(2)(B)–(C). |

| March 31, 2023 | On or before this date, the Parties will conduct a conference in advance of the Claim Construction Hearing. |

| April 11, 2023 | The Court will conduct a **Claim Construction Hearing** at **11:00 A.M.** in Room 11-3 of the Wilkie D. Ferguson, Jr. United States Courthouse, located at 400 North Miami Avenue in Miami, Florida. |

| April 28, 2023 | The Parties shall complete all discovery, including expert discovery. |

| | |
|---|---|
| May 5, 2023 | The Parties shall complete mediation and file a mediation report with the Court. |
| May 26, 2023 | The Parties shall file all dispositive pre-trial motions and memoranda of law. The Parties shall also file any motions to strike or exclude expert testimony, whether based on Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or any other basis. |
| June 16, 2023 | The Parties shall each file one motion *in limine* in accordance with Section IV below. All motions *in limine* must be filed at least six weeks before calendar call. |
| July 7, 2023 | The Parties shall file a joint pre-trial stipulation, exhibit lists, and witness lists in accordance with Local Rule 16.1(d) and (e) and Section V below. The Parties shall also file proposed jury instructions and a proposed verdict form, or statement of fact and conclusions of law (for non-jury trials) in accordance with Section VI below. |
| July 21, 2023 | The Parties shall file their deposition designations in accordance with Section VII below. |

II.    **Mediation.  WITHIN THIRTY (30) DAYS of the date that the Court entered the First Scheduling Order** (*see* DE 26), the Parties shall: (1) **select a mediator certified**

**under Local Rule 16.2(b)**; (2) schedule a time, date, and place for mediation; and (3) jointly file a notice scheduling mediation as shown on the Sample Form Order Scheduling Mediation found in the Forms located on the Court's website. If the Parties cannot agree on a mediator, they shall notify the Clerk in writing immediately, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all Parties must familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.

The Court will **NOT** enter an order scheduling mediation after the notice is filed. Instead, the Parties' notice scheduling mediation shall bind the Parties in lieu of a Court order. **The Parties' mediation date shall not be rescheduled without leave of Court**.  The Parties are responsible for ensuring that **WITHIN THREE BUSINESS DAYS** of the mediation, a mediation report is filed, indicating whether the case settled (in full or in part), was continued with the Parties' consent, or whether the mediator declared an impasse.

III.    **Motions.**  Strict compliance with the Local Rules is expected regarding motion practice. *See* S.D. Fla. Loc. R. 7.1.  For example, when filing non-dispositive motions, the moving Party **shall** submit a proposed order in Word format via email to Chambers at Williams@flsd.uscourts.gov.  S.D. Fla. Loc. R. 7.1(a)(2).  Counsel for the moving party **must** also confer, or make a reasonable effort to confer, with opposing counsel before filing certain motions, as required by Local Rule 7.1(a)(3).

All motions and attachments to motions mustbe filed in a text searchable format, pursuant to CM/ECF Administrative Procedure 3G(5).

Strict compliance with the Local Rules is also expected regarding motions for summary judgment. *See* S.D. Fla. Loc. R. 56.1. For example, the moving Party must contemporaneously file a statement of undisputed material facts, delineating by

number each material fact, **supported with specific citations to the record** (Docket Entry, Exhibit, Page Number(s)). The opposing Party must file contemporaneously with its opposition a response to the statement of material facts, which shall respond by corresponding number to each of the moving Party's statement of material facts. Local Rule 56.1(a).  The opposing Party shall state, **based on citations to the record**, whether each fact is disputed or undisputed. If the fact is disputed, the opposing Party shall state why the dispute is a material one. "All material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  S.D. Fla. Loc. R. 56.1(b). These procedures shall also apply to the moving Party when responding to any additional facts set forth in the opposing Party's statement of material facts.

The Parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admission. The Parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Such stipulations may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the Parties shall not file notices of deposition with the Court.

Any Party seeking to make a filing under seal shall comply with Local Rule 5.4. The Parties cannot override the requirements of that Rule through a joint protective order.

Any party seeking to change any of the above deadlines must file a Motion to Continue or Motion for Extension of Time. Pursuant to this Court's Practices and Procedures, "Absent an emergency, requests for extensions of time must be

presented to the Court, by motion, **NO LATER THAN 48 HOURS PRIOR TO THE DEADLINE** from which the Parties are seeking relief. Sanctions may be imposed for non-emergent requests made less than 48 hours prior to the deadline." The Court will **<u>NOT</u>** accept notices of unavailability, and any filed will not be construed as motions to continue or otherwise operate to change the Court's schedule in any way.

IV.    **<u>Motions *in Limine*</u>**. The Parties may each submit only **one (1)** motion *in limine* that identifies up to **ten (10)** evidentiary issues they seek to raise to the Court. The motion may not exceed **twenty (20)** pages in length. Each evidentiary issue must be numbered and must specifically identify the evidence sought to be excluded or included at trial, with citations to legal authority supporting the evidentiary ruling requested. The opposing party's responses in opposition to the motions *in limine* shall correspond with the order and with the numbering scheme used by the movant. Any reply from the movant must also correspond with the order and numbering used in the movant's initial motion.

Prior to filing a motion *in limine*, the Parties **must** meet and confer regarding each evidentiary issue they intend to raise and **certify** that they met and conferred in accordance with Local Rule 7.1(a)(3). The Parties may only present those evidentiary issues that remain contested in their respective motions *in limine*.

V.    **<u>Pretrial Stipulation, Exhibit Lists, and Witness Lists</u>**.  The Parties' joint pretrial stipulation, exhibit lists, and witness lists must be submitted in accordance with Local Rule 16.1(d) and (e). Witness lists must follow the format set forth in Attachment A and exhibit lists must follow the format set forth in Attachment B. **Witness lists shall include only those witnesses that the Parties *actually intend* to call at Trial**. In the description for each witness, the Party shall include a brief synopsis of the witness's testimony, the exhibits that the Party intends to introduce through the

witness, and—in consultation with opposing counsel—the estimated time need for direct and cross examination. The total estimated time for witness testimony may not exceed the Parties' estimated time for Trial, as specified in the joint pretrial stipulation. Exhibit lists shall identify each witness that will introduce each exhibit. The Parties must identify each exhibit with particularity and may not include multiple documents or categories of unspecified documents as a single exhibit. Composite exhibits must be identified by using the main exhibit's number and an appropriate suffix to identify composite portions of the exhibit.

VI.   **Jury Instructions or Statement of Fact and Conclusions of Law (for Non-Jury Trials).** Joint proposed jury instructions or statement of fact and conclusions of law (for non-jury trials) shall outline: (1) the legal elements of Plaintiff's claims, including damages; and (2) the legal elements of the defenses that are raised. The Parties shall submit proposed jury instructions **jointly**, though they need not agree on each and every instruction.  If the Parties do not agree on a proposed instruction, the language proposed by Plaintiff(s) shall be underlined and the language proposed by Defendant(s) shall be italicized. Every instruction must be supported by a citation of authority. The Parties shall use the Eleventh Circuit Pattern Jury Instruction for Civil Cases, including the directions to counsel. If a deviation from the Pattern is requested, the Parties must provide a specific citation of authority supporting the deviation. In addition to filing their proposed instructions and verdict form on the docket, the Parties must also submit their proposed instructions and verdict form via email in Word format to Chambers at Williams@flsd.uscourts.gov.

VII.   **Deposition Designations.**  For each unavailable witness, the Parties shall confer and submit a joint deposition designation. The Party offering the testimony shall select a color and highlight the pages and lines which they wish to introduce. The non-

introducing Party shall then underline in red the portions of the designated testimony objected to and in the margins indicate the basis for the objection (*i.e.*, irrelevant, hearsay, etc.). The non-introducing Party shall also select a color and submit to the Court those additional pages and lines that they deem counter designated. In turn, the introducing Party shall underline in red the portions of the counter-designated testimony objected to and indicate in the margins the basis for their objection.

VIII.   **Settlement.**   If the case settles in whole or in part, counsel must inform the Court immediately by emailing Chambers at Williams@flsd.uscourts.gov. The Parties must then file a **joint** notice of settlement on the docket in accordance with Local Rule 16.4. The Court will then provide further instructions to the Parties regarding any required joint stipulation of dismissal.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 26th day of October, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

vs.

PARTY NAME,

      Defendant(s).

_____/

**[PARTY'S] WITNESS LIST**

| PRESIDING JUDGE: Hon. Kathleen M. Williams | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY | | |
|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | COURT REPORTER | COURTROOM DEPUTY | | |
| PLF. NO. | DEF. NO. | LIVE or BY DEPOSITION | DIRECT (est.) | CROSS (est.) | ADDRESS | DESCRIPTION OF WITNESS | EXHIBIT(S) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

vs.

PARTY NAME,

      Defendant(s).

_____/

**[PARTY'S] EXHIBIT LIST**

| PRESIDING JUDGE: Hon. Kathleen M. Williams | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS | WITNESS |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |